# *Exhibit 1*

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LESLIE COURTNEY | |
| Plaintiff, | |
| v. | C.A. No. 1:24-cv-12843-PBS |
| PAPA, INC. | |
| Plaintiff. | |

## PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Plaintiff, Leslie Courtney ("Plaintiff" or "Ms. Courtney") hereby requests that Defendant, Papa, Inc. ("Defendant" or "Papa") submit written answers to the following interrogatories, under oath and penalty of perjury, to Timothy C. Cavazza, Esq., Whelan Corrente & Flanders LLP, 100 Westminster Street, Suite 710 Rhode Island 02903 within thirty (30) days of the date of certification of service hereof.

## INSTRUCTIONS

1. Your obligations for responding to these requests are set by Rules 26 and 33 of the Federal Rules of Civil Procedure and Local Rules 26.1, 26.5, 26.6, 33.1 of the U.S. District Court for the District of Massachusetts.

2. These interrogatories require supplemental answers to the extent required by the Federal Rules of Civil Procedure. These interrogatories shall be deemed to be a continuing request for supplemental responses pursuant to said Rules.

3. To the extent you cannot answer an interrogatory fully because of a lack of information, please answer those parts of the interrogatory about which you do have knowledge, and identify those parts that you cannot answer fully.

4. If any document or other tangible thing that you would have identified in response to any interrogatory was, but is no longer, in your possession or subject to your control, in addition to all the information requested above of which you have knowledge, state the present location of the document or other tangible thing.

5. Regarding any information requested that is not within your personal knowledge, but as to which you have been informed or have formed a belief, state that such information is furnished on information and/or belief, and state the source of your information and/or the grounds for your belief.

6. In the event that any information sought by the following interrogatories is withheld on the grounds of attorney-client privilege or work product doctrine, you are requested to provide a list that specifies, for each withheld answer: (i) the date of the withheld information, (ii) the identity of those communicating the information unless that information is itself privileged, and (iii) sufficient information to understand the basis for withholding the answer.

## **DEFINITIONS**

1. Unless otherwise indicated herein, these interrogatories rely on the uniform definitions set forth under Local Rule 26.5 of the U.S. District Court for the District of Massachusetts.

2. "You," "your", "Defendant", or "Papa" shall mean Papa, Inc. and its agents, members, attorneys, employees, servants, representatives, predecessors, and any person acting on their behalf or under their direction or control.

3. "Complaint" means the complaint that Ms. Courtney filed in this action, *Leslie Courtney v. Papa, Inc.* C.A. No. 1:24-cv-12843-PBS.

4. "Answer" means the answer that Papa filed in this action, *Leslie Courtney v. Papa, Inc.* C.A. No. 1:24-cv-12843-PBS.

5. "Ms. Courtney" shall mean Plaintiff, Leslie Courtney, and her agents, attorneys, representatives, and any person acting on their behalf or under their direction or control.

6. "Describe" means relate as completely as possible each and every act, omission, incident, event, condition, circumstance, or thing relating directly or indirectly to the subject matter of the interrogatory, including, but not limited to, dates, documents, communications, persons, and locations directly or indirectly related to the subject matter of the interrogatory.

## INTERROGATORIES

INTERROGATORY NO. 1.

Identify each and every individual and entity that Papa expects to call as a witness at trial, including within your response the subject matter upon which each such witness is expected to testify.

INTERROGATORY NO. 2.

Identify each person whom Papa expects to call as an expert witness at trial, stating within your response the subject matter on which the expert is expected to testify, the substance of the facts and opinions to which the expert is expected to testify, and a summary of the grounds for each opinion.

INTERROGATORY NO. 3.

From January 1, 2019 to the present, identify and describe Papa's policies and procedures for the retention and purging of electronically stored information, including within your response the schedule(s), if any, pursuant to which Papa purges such information.

INTERROGATORY NO. 4.

From January 1, 2019 to the present, identify and describe how and where Papa stored and backed up its electronically stored information, including within your response a description of the types of storage devices or services used by Papa, how they were kept or maintained, how frequently back-ups were performed, any tape rotation cycles, and how and when any backup data was destroyed or otherwise purged by Papa.

INTERROGATORY NO. 5.

Identify all complaints (internal and external), lawsuits, arbitrations, administrative charges, or other such proceedings to which Papa is or has been a party involving allegations of discrimination, harassment, and/or retaliation, including within your response a general description of each proceeding's subject matter, case/docket number (if applicable), venue (if applicable), and (if the proceeding is no longer pending) how it resolved.

INTERROGATORY NO. 6.

Identify every person who supervised or evaluated Ms. Courtney's work during her employment at Papa, including within your response each such person's job title and the timeframe between which they supervised her.

INTERROGATORY NO. 7.

Identify and describe Papa's investigation process and/or procedure for internal complaints of discrimination, harassment, and/or retaliation.

INTERROGATORY NO. 8.

Identify and describe all complaints concerning Charles Hector that Papa received from any current or former employee, including Ms. Courtney.

INTERROGATORY NO. 9.

Describe Papa's investigation of each complaint identified in Interrogatory No. 8, including within your response the identification of any and all witness(es) who were interviewed, the person(s) who conducted any witness interviews, and the date, time, location, nature, and scope of any witness interviews.

INTERROGATORY NO. 10.

Identify all video and audio recordings – whether they currently exist or existed at some point in the past – related to any complaint or investigation identified in Interrogatory Nos. 8 and 9, including within your response whether the recording referenced in Paragraph 78 of the Complaint currently exists or ever existed.

INTERROGATORY NO. 11.

Identify all persons who interviewed Ms. Courtney concerning the complaint she filed with Papa on or about February 14, 2022, including within your response the identify of all persons who interviewed Ms. Courtney on or about February 18, 2022, as alleged in Paragraph 71 of the Complaint.

INTERROGATORY NO. 12.

State and describe the basis for Ms. Courtney's termination from Papa on March 30, 2022.

INTERROGATORY NO. 13.

Identify and describe all disciplinary, corrective, or other performance-based action taken against Charles Hector during his employment with Papa, including within your response a description of the "coaching" referenced by Priyanka Gupta in her March 23, 2022, email to Ms. Courtney attached to the Complaint as Exhibit A.

INTERROGATORY NO. 14.

Identify and describe the "feedback" that Andrew Parker gave to Charles Hector "about his behavior" as referenced by Priyanka Gupta in her March 23, 2022, email to Ms. Courtney attached to the Complaint as Exhibit A.

INTERROGATORY NO. 15.

Identify and describe any and all changes to Nick Helfrich's compensation and employment benefits between January 1, 2019, and the present, including, but not limited to, wages, salary, bonus, commissions, variable compensation (potential and actual), deferred compensation, equity incentives, stock options, etc., including within your response a description of the compensation and employment benefits that were in effect before and after each change.

INTERROGATORY NO. 16.

Identify and describe the rationale or reason supporting each change to Nick Helfrich's compensation and employment benefits between January 1, 2019, and the present.

INTERROGATORY NO. 17.

Identify the person(s) responsible for establishing and/or changing the compensation and employment benefits for Ms. Courtney and Mr. Helfrich between January 1, 2019, and the present.

INTERROGATORY NO. 18.

Identify and describe the organizational and supervisory reporting structure for Papa's employees from January 1, 2019, to the present.

INTERROGATORY NO. 19.

Identify and describe all communications between Papa and Charles Hector concerning Ms. Courtney from January 1, 2019, to the present.

INTERROGATORY NO. 20.

Identify and describe the rationale or reason supporting the computation of Ms. Courtney's base salary and annual bonus that she received for each year of her employment at Papa, including within your response a description of any applicable policies, guidelines, or other metrics referred to and/or utilized in computing her base salary or annual bonus.

INTERROGATORY NO. 21.

Identify the person(s) who replaced Ms. Courtney and/or performed the duties and responsibilities of Ms. Courtney's prior position at Papa from April 1, 2022, through the present.

INTERROGATORY NO. 22.

State the basis of Papa's response in ¶ 73 of its Answer that Papa "lacks knowledge or information sufficient to form a belief as to the truth of the allegations" in ¶ 73 of the Complaint, including within your response an explanation of how Papa lacks knowledge or information concerning its own investigation into Ms. Courtney's complaint.

INTERROGATORY NO. 23.

State the basis of Papa's denial in ¶ 106 of its Answer, including within your response whether Charles Hector was scheduled to take and/or did, in fact, take a business-related trip to South Carolina in or around April 2022.

INTERROGATORY NO. 24.

State the basis of Papa's response in ¶ 106 of its Answer, including within your response the identification and description of each and every communication between Ms. Courtney and

Charles Hector that forms the basis of Papa's admission that "Plaintiff and Mr. Hector had a conversation about Mr. Alderman's accounts."

INTERROGATORY NO. 25.

State the basis of Papa's response in ¶ 105 of its Answer, including within your response the identification and description of each and every communication between Ms. Courtney and Priyanka Gupta during their March 28, 2022, meeting.

                                LESLIE COURTNEY

                                By her attorneys,

                                /s/ Timothy C. Cavazza
                                /s/ Jessica A. Sclafani
                                Timothy C. Cavazza, Esq. (BBO #670227)
                                Jessica A. Sclafani, Esq. (BBO #707997)
                                WHELAN, CORRENTE & FLANDERS LLP
                                100 Westminster Street, Suite 710
                                Providence, RI 02903
                                Phone: (401) 270-4500
                                Fax: (401) 270-3760
                                tcavazza@whelancorrente.com
                                jsclafani@whelancorrente.com

Dated: April 25, 2025

**CERTIFICATE OF SERVICE**

       I hereby certify that on the 25th day of April, 2025, I served the within document by e-mail on all counsel of record as follows:

Stephen T. Paterniti
Laura K. Terrasi
JACKSON LEWIS P.C.
75 Park Plaza, 4th Floor
Boston, Massachusetts 02116
Stephen.paterniti@jacksonlewis.com
Laura.terrasi@jacksonlewis.com

                                                /s/ Timothy C. Cavazza

00116562.DOCX