**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| LESLIE COURTNEY,<br><br>    Plaintiff,<br><br>v.<br><br>PAPA, INC.,<br><br>    Defendant. | Civil Action No. 1:24-cv-12843-PBS |

## **STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER**

Plaintiff Leslie Courtney ("Plaintiff") and Defendant Papa, Inc. ("Defendant," collectively with Plaintiff, the "Parties"), hereby stipulate that certain information, materials, or documents that have been or may be requested or disclosed during discovery in this proceeding contain or refer to "confidential information" that the Parties agree or contend is confidential or proprietary. Accordingly, the Parties hereby stipulate and agree that the following procedures shall govern the production and use of all documents, testimony, and other information produced in connection with discovery and litigation of this action.

  1.  Counsel for a party producing or furnishing information of any nature in connection with this action may designate as "CONFIDENTIAL" any document, deposition testimony, or other information which the party in good faith believes contains or reflects confidential or proprietary information. The Parties may designate any document, information, or tangible thing when they are produced or furnished by stamping each page of the document or other information or tangible thing with the word CONFIDENTIAL. The Parties also may designate as CONFIDENTIAL documents or information already produced or furnished by identifying in

writing the Bates number or other description of the document, information, or tangible thing. Hereinafter, documents or other information designated as CONFIDENTIAL in accordance with the terms of this Stipulated Confidentiality Agreement and Protective Order are referred to as "CONFIDENTIAL MATERIAL."

2. Information disclosed or discussed in a deposition, interrogatory response, or any other form or manner may be designated "CONFIDENTIAL" by making a statement to that effect on the record at the time of a deposition or by submitting a written designation to counsel for all parties within thirty (30) days after receipt of the deposition transcript, or, in the case of an interrogatory response, by noting the designation on that actual response. Information disclosed or discussed in a deposition, interrogatory response, or any other form or manner shall be treated as CONFIDENTIAL MATERIAL until the expiration of thirty (30) days following the receipt of the deposition transcript, interrogatory response, or information disclosed or discussed in any other form or manner unless earlier designated. In the event that any person fails, at the time or in the manner set forth in this Paragraph, to designate any document or information as CONFIDENTIAL MATERIAL that it later determines ought to be so designated, such person may later so designate any document or information.

3. All CONFIDENTIAL MATERIAL shall be retained by the Parties' counsel of record. All such material shall be used only for purposes of the litigation of this action.

4. All CONFIDENTIAL MATERIAL shall not be disclosed to any person other than:

(a) the Parties;

(b) outside counsel of record and their members, associates, and employees and in-house counsel for a party;

(c) the Court and court personnel, including court reporters and stenographers employed in connection with this action;

(d) experts or consultants retained or employed in good faith to assist a party in this action, provided that each such expert or consultant agrees to be bound by the terms of this Order;

(e) any witness or deponent who is asked at his or her deposition or at any hearing or trial to testify about CONFIDENTIAL MATERIAL, provided that each such person agrees to be bound by the terms of this Order; and

(f) any other person to whom all Parties agree.

5. In the event that a party intends to file with the Court any document or other information (or part thereof) that comprises, is derived from, or incorporates any CONFIDENTIAL MATERIAL, that party shall give written notice to the designating party of its intent and the designating party shall have ten (10) days from such notice to submit to the Court a request for confidential treatment of the CONFIDENTIAL MATERIAL. The CONFIDENTIAL MATERIAL may not be filed with the Court until such time as the Court issues an Order pertaining to its confidential treatment. If the designating party does not submit to the Court a request for confidential treatment of the CONFIDENTIAL MATERIAL within ten (10) days of the notice, the party may proceed with filing the CONFIDENTIAL MATERIAL. In the event that CONFIDENTIAL MATERIAL may be used or disclosed at any trial or hearing, any party to this Order may request that the portion of any such proceeding where said use is made shall be *in camera*, or with access limited only to certain persons described in Paragraph 4 (as appropriate), subject to the provisions of applicable rules on impoundment and any orders of the Court.

6. Nothing herein shall prevent any of the parties from disclosing publicly any of their own CONFIDENTIAL MATERIAL as they deem appropriate. Nothing herein affects the producing party's use of its own information it has designated as CONFIDENTIAL MATERIAL.

7. If any document, information, or tangible thing is produced inadvertently without being marked as CONFIDENTIAL MATERIAL in accordance with the terms of this Order, the failure to so identify such CONFIDENTIAL MATERIAL shall not be deemed a waiver of the designating party's right to promptly designate such document or information as CONFIDENTIAL MATERIAL upon learning of the inadvertent disclosure and, if so designated, the document, information or tangible thing shall thereafter be treated as CONFIDENTIAL MATERIAL, subject to all the terms of this Order.

8. Any party may move the Court, upon notice to the other party, for relief from this Stipulated Confidentiality Agreement and Protective Order or for any additional protection authorized by Rule 26(c) of the Federal Rules of Civil Procedure. To the extent the non-designating party objects in good faith to the designation of information as CONFIDENTIAL, the non-designating party shall so notify the designating party in writing. The parties shall then negotiate in good faith to resolve their differences regarding such designation. If the parties fail to resolve the matter within ten (10) days of the notice of objection, then the non-designating party may seek relief through the Court.

9. Nothing in this Order shall be construed to constitute a waiver of any party's right: (a) to oppose discovery on any ground; or (b) to object on any ground to the admission of any document, testimony, or other information in evidence at the trial or any hearing in the action.

10. No person or entity to whom CONFIDENTIAL MATERIAL is disclosed shall discuss the information or material or disclose them to any person or entity other than those

permitted to view such materials, or for any purpose other than prosecution or defense of this action, or for any related appellate proceeding.

11. Within thirty (30) days after conclusion of the action, including the expiration of all periods for appeal from any judgment therein, all CONFIDENTIAL MATERIAL shall be returned to counsel for the designating party (except documents in the files of the court and documents prepared by counsel for the other party which contain or refer to such CONFIDENTIAL MATERIAL) or otherwise disposed of by any other mutually agreeable method.

12. Nothing herein shall impose any restrictions on the use or disclosure by any Party or witness of documents, material or information known or lawfully obtained by such party or witness independently of the discovery obtained in this matter, whether or not such documents, material or information are also obtained through discovery in this matter and marked "CONFIDENTIAL."

13. This Order shall not prejudice a party's right to seek to amend, modify, or change the terms of this Order by written agreement between the parties or by Order of the Court.

14. In the event that this Agreement is submitted to the Court, and it is not approved as an Order of the Court for any reason, the Parties and each of the other persons agreeing to its terms agree to remain bound by the terms thereof.

15. The Parties expressly reserve, and do not waive, all protections afforded by the attorney-client privilege or work product doctrine, as those protections may be applicable to discovery materials produced. To the extent documents that are disclosed in this matter are subject to the attorney-client privilege or work product doctrine, no protection is waived with respect to third-parties or claims not addressed in this matter. If information or material subject to a claim of

attorney-client privilege, attorney work product protection, any other applicable privilege, immunity, or protection or any other ground on which production of such information should not be made is inadvertently or unintentionally produced in this action, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppels as to, any claim of privilege, work product immunity, or other protection to which the producing party would otherwise be entitled as to the information produced or its subject matter. If such information is inadvertently produced, the producing party must notify the recipient of the error within fourteen (14) days after the producing party learns of the inadvertent production. The Parties will then meet and confer in good faith to resolve any dispute regarding the production. If the Parties cannot resolve the dispute, the producing party may seek a protective order or other assistance from the Court. Pending resolution of the dispute, the Parties will not use such information in any way.

| | |
|---|---|
| LESLIE COURTNEY, | PAPA, INC. |
| By her Attorneys, | By its attorneys, |
| */s/ Timothy C. Cavazza (w/ permission LKT)*<br>Timothy C. Cavazza, Esq. (BBO# 670227)<br>Jessica A. Sclafani, Esq. (BBO# 707997)<br>WHELAN, CORRENTE, & FLANDERS LLP<br>100 Westminster Street, Suite 710<br>Providence, RI 02903<br>Phone: (401) 270-4500<br>Fax: (401) 270-3760<br>tcavazza@whelancorrente.com<br>jsclafani@whelancorrente.com | */s/ Laura K. Terrasi*<br>Stephen T. Paterniti BBO # 564860<br>Laura K. Terrasi BBO# 698839<br>JACKSON LEWIS P.C.<br>75 Park Plaza, 4th Floor<br>Boston, MA 02116<br>T: 617-367-0025; F: 617-367-2155<br>Stephen.Paterniti@jacksonlewis.com<br>Laura.terrasi@jacksonlewis.com |

Dated: August 4, 2025

## CERTIFICATE OF SERVICE

      I hereby certify that on this 4th day of August, a true copy of the above document was filed electronically and sent via email to:

      Attorneys for Plaintiff
      Timothy C. Cavazza, Esq. (BBO# 670227)
      Jessica A. Sclafani, Esq. (BBO# 707997)
      WHELAN, CORRENTE, & FLANDERS LLP
      100 Westminster Street, Suite 710
      Providence, RI 02903
      Phone: (401) 270-4500
      Fax: (401) 270-3760
      tcavazza@whelancorrente.com
      jsclafani@whelancorrente.com

*/s/ Laura K. Terrasi*
JACKSON LEWIS P.C.